Antonina Pavinoznik, Respondent, v. John B. Fiske, as Sheriff of Clinton County, Appellant.

Third Department, June 30, 1919.

Instructions — discussion by court of immaterial and academic questions after giving correct charge on law — necessity for objection and exception to raise question on appeal — right of appellate court to intervene without exception where wrong theory of law charged — consideration by jury of nativity or ignorance of language by parties.

Where the court charges clearly and correctly the law applicable to the case, the fact that it also discusses immaterial and academic questions, does not, in the absence of objection and exception at the time, give any ground for complaint on appeal.

If the court charges a distinctly wrong theory of the law of the case, as presented by the facts submitted to the jury, the appellate court may intervene in the absence of exception to prevent a miscarriage of justice.

It is the duty of a court to see that the jury is not permitted to consider the fact of birth or nativity, or ignorance of the language by the parties, as a reason for the application of any different rule than is applied as between citizens.

Appeal by the defendant, John B. Fiske, as sheriff, from a judgment of the County Court of Clinton county in favor of the plaintiff, entered in the office of the clerk of said county on the 16th day of May, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 15th day of May, 1918, denying defendant's motion for a new trial made upon the minutes.

*John E. Judge*, for the appellant.

*Harold A. Jerry*, for the respondent.

WOODWARD, J.:

The complaint in this action, briefly stated, is that the plaintiff was the owner of two two-year-old heifers; that on or about and between the 13th day of February, 1917, and the 1st day of March of the same year, the defendant, as sheriff, levied upon these cattle and sold them upon executions against her husband, and she demands judgment for the value of the animals. The case was submitted to the jury, resulting in a verdict for eighty dollars. The defendant appeals from the judgment and from an order denying a motion for a new trial on the minutes.

The issue presented was, of course, very simple, and the only questions presented on this appeal relate to the charge of the court. The court charged that " the only question in this case is whether or not she owned the cattle. If she owned the cattle the sheriff had no right to take them under that execution, and she is entitled to a verdict. If they belonged to her husband they were rightfully taken." On this comparatively simple issue, incidentally involving the value of the cattle, the court charged with great elaboration, and evidently with the purpose of dissipating the prejudice which was inducted into it upon the trial because of the fact that the plaintiff was a foreigner; and the defendant urges that the language used was of a prejudicial character. That a good deal of it might have been left out without detriment to the charge may be admitted, but we are of the opinion that the jury was not misled upon any question of law, and that the charge, taken as a whole, did not result in prejudice to the defendant. The court charged that " the burden of proof is on the plaintiff; she must satisfy you by a preponderance of evidence that she owns the cattle. That is all there is to the case. Did the cattle belong to her; if they were hers you must find in her favor. You are the judges of the credibility of witnesses. It is for you to decide who is worthy of credit." Certainly the jury could not misunderstand this, and the fact that the court wandered afield and discussed the question of the validity of the judgments and executions against the husband, and other academic questions, does not, in the absence of objection and exception at the time, give any ground for complaint on appeal. It is true, of course, if the court charges a

distinctly wrong theory of the law of the case as presented by the facts submitted to the jury, this court may intervene in the absence of exception to prevent a miscarriage of justice. But here the court charged correctly the law of the case; the jury were told distinctly that the only issue was the ownership of the cattle, and when the court went beyond the issues to deliver a lecture on citizenship, foreigners, and the like, the defendant, if prejudiced, should have called the matter clearly to the attention of the court. Several requests were made, but none of them involving a question of law was excepted to, with the possible exception of the " exception to your Honor's charge wherein you stated that these people are more entitled to the protection of the law than any other citizens, or that in substance." This the court did not charge. It was suggested that the plaintiff and her husband, being unable to read or speak the English language, were likely to be duped, and that it was the duty of the jury to look into the matter carefully, but there was no suggestion that they were entitled to have the ownership of these cows determined upon any other basis than that to be applied in any other case, and this was the issue before the court. And obviously it is the duty of a court to see that the jury is not permitted to consider the fact of birth or nativity, or ignorance of the language, as a reason for the application of any different rule than is applied as between citizens. This was the evident purpose of the discussion; the court tried to make it clear that the wife had a right to the separate ownership of this property, and that the defendant could not be permitted to collect the husband's debt from the sale of her property, simply because she and the husband might not understand the methods of procedure in the courts.

We think the appeal does not present any question of law, and that the judgment and order appealed from should be affirmed.

Judgment and order unanimously affirmed, with costs.