JOHN MULDOON, Respondent, *v.* DOCK CONTRACTOR COMPANY, Appellant.

Second Department, January 20, 1922.

Contracts — action by subcontractor to recover extra compensation for hauling dirt alleged to have been sold — contractor not liable where subcontractor did not cart dirt farther than required by general contract.

A subcontractor, who, by virtue of his contract agreed to cart all dirt excavated by the contractor to a specified dump, cannot recover one-half the alleged purchase price of dirt claimed to have been sold by him under a provision in the contract giving him one-half the proceeds of the sale of excavated dirt to cover the cost of the increased haul thereof, where under the contract the contractor could sell or not as it pleased and the dirt in question was carted by the subcontractor to the dump where he

was required to cart the same under his general contract and for which he had been paid, and where the contractor refused to permit the purchaser to have any of the material.

APPEAL by the defendant, Dock Contractor Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 19th day of June, 1920, upon the verdict of a jury.

*John P. Maloney,* for the appellant.

*John B. Johnston* [*Anthony J. Ernest* with him on the brief], for the respondent.

PER CURIAM:

The plaintiff had a contract to cart all the material excavated by the defendant from a section of the subway which it was building. The plaintiff has performed all his work under said contract and has been paid in full therefor.

That contract contained this further provision: " That the Contractor is to have title to all excavated material and upon order of the Contractor so to do the Sub-Contractor shall deliver same to wheresoever the Contractor may designate; provided that should the Contractor or Sub-Contractor arrange for a sale of the excavated material and the Sub-Contractor cart same, then the Sub-Contractor shall receive 50% of the proceeds of such sale which additional amount will cover all costs for any increased length of haul." Under this contract the defendant could sell or not as it pleased. To entitle the plaintiff to recover under this provision of the contract two elements must concur: The material must be sold by the defendant and carted by the plaintiff. Plaintiff cannot recover thereunder for an alleged sale made by him where the material was carted by him to the dump where he was required to cart the same under his general contract and the defendant refused to permit the purchaser to have any of the material.

The defendant did not, by proper exceptions, raise questions of law for our determination herein but as these questions appear upon the face of the proceeding we find that the defendant did not have a fair trial and accordingly reverse the judgment and direct a new trial. Upon such a new trial the plaintiff

may be able to show that material was sold by defendant and carted by plaintiff for which he has not been paid. The finding to that effect implied in the present verdict is reversed.

The judgment should be reversed and a new trial granted, costs to abide the event.

BLACKMAR, P. J., RICH, KELLY, JAYCOX and MANNING, JJ., concur.

Judgment reversed and new trial granted, costs to abide the event. Settle order on notice before Mr. Justice JAYCOX.