Max Harnick, Respondent, *v.* Avrum Realty Corporation and Others, Defendants, Impleaded with S. M. Hirsch & Co., Inc., Appellant.

First Department, May 29, 1936.

*Jacob Shapiro* of counsel [*Monroe Cohen* and *Julius Weiss* with him on the brief; *Shapiro & Frieder*, attorneys], for the appellant.

*Frederick E. Weinberg* of counsel [*Abraham K. Kaufman*, attorney], for the respondent.

O'MALLEY, J.   The questions presented are whether the plaintiff proved a cause of action as alleged in the complaint; if not, whether he proved a cause of action upon the theory charged by the trial court; and, if so, whether it may be sustained though at variance with the complaint.

The defendant Avrum Realty Corporation was the owner of premises, a part of which was leased to the defendant Weiser Fabrics Co., Inc.   Both corporations were interested. in procuring a new tenant.   The defendant-appellant S. M. Hirsch & Co., Inc., was a real estate broker, as was the plaintiff.   The defendant Aaron Kenner was the party who concededly entered into the new lease.

The plaintiff pleaded two causes of action.   The first was to the effect that he had been employed as a broker to procure a tenant by both the owner and former tenant Avrum Realty Corporation and Weiser Fabrics Co., Inc., respectively, upon the promise of full commissions; that he procured the defendant Kenner, who thereafter entered into a lease, but that the owner and former lessee, for the purpose of depriving him of his due compensation, negotiated directly with Kenner.   Damages are sought for a full commission of $4,800.

The second cause of action repeats the allegations of the first and further pleads that all of the defendants conspired to deprive plaintiff of his commissions and to have them paid to the defendant-appellant S. M. Hirsch & Co., Inc., and that the latter and the defendant Kenner unlawfully, wrongfully and maliciously induced the other two defendants to breach their agreements with the plaintiff and to enter into a lease directly with Kenner and to pay the commissions to S. M. Hirsch & Co., Inc.   Again, damages are asked in the sum of $4,800.

It is to be noted that, so far as the appellant S. M. Hirsch & Co., Inc., is concerned, it is only the second count that purports to state a cause of action against it.   The plaintiff, in his brief, concedes that the liability of S. M. Hirsch & Co., Inc., if any, is predicated solely upon this second cause of action.

The record discloses that the new tenant, the defendant Kenner, had bought his peace by paying the plaintiff the nominal sum

of $225. The cause of action against the owner of the building, the Avrum Realty Corporation, was dismissed at the close of the plaintiff's case. The jury rendered a verdict in favor of the defendant Weiser Fabrics Co., Inc. From the judgment of dismissal as to these defendants the plaintiff has not appealed.

It stands finally adjudicated against the plaintiff, therefore, that, contrary to the allegations of his first cause of action, he had no agreement with either the owner or former lessee, the defendants Avrum Realty Corporation and Weiser Fabrics Co., Inc., for his services as a broker. It follows that he could have no cause of action predicated upon a conspiracy to induce these two defendants to breach such a contract; nor one against the defendant S. M. Hirsch & Co., Inc., for alone inducing a breach. Furthermore, there could be no recovery upon this record upon the theory that the actions of S. M. Hirsch & Co., Inc., prevented the making of a contract between the plaintiff and the Weiser Fabrics Co., Inc., under the theory of *Union Car Advertising Co.* v. *Collier* (263 N. Y. 386). The record does not disclose a situation where there was some reasonable certainty that the plaintiff would have received a contract but for the malicious acts of the defendant S. M. Hirsch & Co., Inc. Furthermore, no such cause of action was pleaded.

In submitting the case the trial justice charged: " If you find that the plaintiff did produce Kenner and introduce Kenner to Hirsch, and that thereafter Hirsch took Kenner to the Avrum as his own client, that is, as if Hirsch had discovered this prospective tenant and thereafter the Avrum made a lease with Kenner and paid Hirsch a commission on that basis, then Harnick, the plaintiff, is entitled to the commission rather than Hirsch and Hirsch is obligated to pay it over to Harnick."

This, of course, was a theory different from that alleged in the second cause of action. The plaintiff seeks to justify this variance and the recovery thereunder on the claim that he is to be regarded as the undisclosed principal of S. M. Hirsch & Co., Inc., and that the latter, receiving the commissions knowing that plaintiff was in fact the procuring cause of Kenner, became liable to the plaintiff for the commissions so received.

But, again, this cause of action was not alleged in the complaint, nor did the pleading contain a cause of action predicated upon any direct promise of S. M. Hirsch & Co., Inc., to pay the plaintiff a commission if Kenner finally entered into a lease after being introduced by plaintiff.

While no exception was taken to the submission of the case upon a theory not pleaded, this court may ignore the lack of

exception and grant a new trial. (*Muldoon* v. *Dock Contractor Co.*, 199 App. Div. 733; affd., 235 N. Y. 553; *Pavinoznik* v. *Fiske*, 188 App. Div. 348; *Goldman* v. *Swartwout*, 117 id. 185; *Swift* v. *Poole*, 172 id. 10; *Leach* v. *Williams*, 12 id. 173.) Here S. M. Hirsch & Co., Inc., under the pleadings, could be expected only to meet a charge of inducing a breach of contract between the plaintiff and either the Avrum Realty Corporation or Weiser Fabrics Co., Inc., or both.

We feel, therefore, that under the circumstances the error in the theory upon which the case was submitted to the jury may not be overlooked.

It is our duty, therefore, to reverse and grant a new trial. (*Whittaker* v. *D. & H. Canal Co.*, 49 Hun, 400, 405.)

The appeal from the judgment by the defendant S. M. Hirsch & Co., Inc., in so far as it is in favor of defendant Weiser Fabrics Co., Inc., and dismisses the complaint against defendant Avrum Realty Corporation, should be dismissed. In so far as the judgment is in favor of the plaintiff against the defendant-appellant, the judgment should be reversed, the action severed and a new trial ordered as to said defendant, with costs to the appellant to abide the event.

MARTIN, P. J., MCAVOY, TOWNLEY and DORE, JJ., concur.

Appeal by the defendant S. M. Hirsch & Co., Inc., from the judgment in so far as it is in favor of defendant Weiser Fabrics Co., Inc., and dismisses the complaint against the defendant Avrum Realty Corporation, unanimously dismissed. Judgment in so far as it is in favor of the plaintiff against the defendant-appellant unanimously reversed, the action severed and a new trial ordered as to said defendant, with costs to the appellant to abide the event.