MARY WALSH, Respondent, v. SPRUILLE BRADEN, Appellant.

First Department, December 17, 1937.

*Alvin T. Sapinsley* of counsel [*Edwin J. Lukas* with him on the brief; *Sapinsley & Lukas*, attorneys], for the appellant.

*Winfred C. Allen* of counsel [*James R. Gereghty* with him on the brief; *Sunkenberg & Gereghty*, attorneys], for the respondent.

PER CURIAM. At the time plaintiff was engaged as broker, she was not advised of any of the important terms of sale of the real estate but these were all left for future negotiation. In the circumstances, commissions were not earned by the broker until the customer reached an agreement with the owner or his agent upon the price and the other essential terms upon which a sale could be made. (*Arnold* v. *Schmeidler*, 144 App. Div. 420, 427; *Gallagher* v. *Dullea*, 199 id. 119.) The testimony of plaintiff's witnesses failed to establish that there was ever a meeting of the minds between the prospective buyer and the seller.

Furthermore, the court improperly submitted to the jury the theory that there had been a conspiracy between the defendant and the ultimate purchaser to deprive plaintiff of her commissions. No such cause of action was stated in the complaint, nor was there any testimony submitted at the trial in support of such a proposition. The submission of such an issue to the jury, over defendant's objection and exception, constitutes reversible error. (*Harnick* v. *Avrum Realty Corporation*, 248 App. Div. 385.)

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, DORE and COHN, JJ.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.